UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CAROLYN TOMASSI,

       Plaintiff,

   -against-

SGT. SHEEHAN, et al.,

       Defendants.

-------------------------------------------------------------------X

ORDER
15-CV-3605 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Shields recommending that the Court convert the present motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to a motion for summary judgment and recommending that such motion be granted on the federal claims without leave to amend, and that the Court decline to exercise supplemental jurisdiction over any state claims.

  The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated August 23, 2016, at 22.) The date for filing any objections has since expired, and none of the parties has filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R.

  Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3)

(requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

Although all parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R, grants defendants' motion for summary judgment, and dismisses plaintiff's federal claims with prejudice. Having dismissed the federal claims, the Court, in its discretion, declines to exercise supplemental jurisdiction over any state law claims and dismisses those claims without prejudice.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated:      September 13, 2016
            Central Islip, New York

2